IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Paul Braunstein, Kevin Gasser, James Iha, D'arcy Brown, Craig Kanarick, Katie Ford, And Andre Balazs,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>Thomas B. Pickens, III,<br><br>　　　　　　　　Defendant. | C.A. No.: 2:08-cv-193-PMD<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiffs filed motions to update judgment and for supplemental proceedings, pursuant to Federal Rules of Civil Procedure 69 and 70, requesting financial discovery be produced by the Defendant and that certain stock certificates, at issue in this case, be delivered to them in partial satisfaction of the judgment against the Defendant. On April 13, 2011, the Magistrate Judge recommended that Plaintiffs' motion be granted in part and denied in part. Plaintiffs filed a timely Objection to the R&R. Having reviewed the entire record, including Plaintiffs' Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

As in the R&R, the Court incorporates by reference the factual recitation of this case included in its original summary judgment order. [Doc. 41.] In short, Plaintiffs sued the Defendant, in a separate action, for failed investments. The parties settled the suit for $250,000. Defendant subsequently attempted to satisfy the settlement through the tender of certain stock

1

certificates.  However, Defendant never endorsed the stock certificates, and eventually, according to Plaintiffs, the stock certificates proved worthless.

In its summary judgment order, the Court ruled that the stock certificates were never properly transferred to Plaintiffs and, therefore, could not constitute any satisfaction of the $250,000 settlement.  The Court entered a judgment in that amount, plus interest, for Plaintiffs. Defendant appealed, and the United States Court of Appeals for the Fourth Circuit affirmed.

Plaintiffs subsequently filed this motion, seeking simultaneously an amendment to, and an enforcement of, the judgment in this case.  Specifically, Plaintiffs moved the court to (1) update their judgment to reflect interest that has continued to accrue on the principal amount of $250,000 at the rate of 5% per annum from 2004 to the present; (2) pursuant to Fed. R. Civ. P. 70(b), for a judgment divesting the Defendant of title to the Certificates of Stock currently being held by the Court and vesting said title in Plaintiffs; and (3) pursuant to Fed. R. Civ. P. 69(a) and in accord with S.C. Code §§ 15-39-310 et. seq., for an order requiring Defendant to appear and produce a list of financial disclosures.

The Magistrate Judge issued an R&R on April 13, 2011, analyzing the issues and concluding that Plaintiffs' motions should be granted in part and denied in part.  As to the Rule 70(b) motion to divest Defendant of the Certificates of Stock, the Magistrate Judge noted that Plaintiffs are requesting physical possession of stock certificates, which they had previously and ardently rejected.  The Magistrate Judge found that this Court has already ruled that the stock certificates do not belong to Plaintiffs as they were never legally transferred.  Plaintiffs now seek that which they had originally rejected as part of the enforcement of judgment pursuant to Rule 70. However, the Magistrate Judge noted that Rule 70 only "gives the district court a discrete and limited power to deal with parties who **thwart final judgments by refusing to comply with**

2

**orders to perform specific acts**." R&R pp. 3-4 (citing *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.,* 425 F.3d 443, 449 (7th Cir. 2005) (emphasis added). As a result, the R&R notes two problems with Plaintiffs' request. First, the specific act ordered was the payment of $250,000 plus allowable interest; Defendant was never ordered to perform the specific act of turning over the stock certificates to Plaintiffs. "Quite to the contrary, and as detailed, the District Court ruled [the stock certificates] belonged to the defendant." R&R p. 4. Therefore, at this juncture, Plaintiffs have no particular legal right in satisfaction of the judgment through delivery of the stock certificates themselves. Second, the R&R found that there is no allegation or evidence of any noncompliance such that Rule 70 might be triggered in the first instance. Id. (citing *Analytical Eng'g, Inc.,* 425 F.3d at 449.) "This case has been on appeal and, immediately upon its return, the plaintiffs filed this motion, which itself raises questions about what 'compliance' even entails. Truly, the defendant has hardly had any occasion *not* to comply. Accordingly, any Rule 70 motion is premature." R&R p. 4.

As to Plaintiffs' request that the Court update their judgment to reflect interest that has continued to accrue on the principal amount of $250,000 at the rate of 5% per annum from 2004 to present, the R&R suggests clarifying the judgment to provide that interest from 2004 through January 21, 2009 accrued at 5%; however, interest subsequent to January 21, 2009 should be paid in accordance with, and at the rate prescribed by 28 U.S.C. § 1961. Plaintiffs argue that the statutory rate does not apply to the post-judgment interest in this case because the promissory note at issue stipulates an interest of 5%. The R&R found that this Court ruled in its order on summary judgment that the "Defendant still owes Plaintiffs the $250,000 plus interest he promised to pay them **under the terms of the promissory note**." R&R p. 5. "The promissory note, however, does not speak to the rate applicable after any judgment relating to performance

3

or compliance is obtained." R&R pp. 5-6. 28 U.S.C. § 1961 establishes a uniform federal rate for post judgment interest "on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). "Parties may contractually agree to a different rate, but that agreement must be expressed in 'clear, unambiguous and unequivocal language . . . .' Conversely, where the parties fail to contract for a different rate, the statutory rate applies. As stated, the promissory note does not provide for any particular post-judgment rate." R&R p. 6. Therefore, the Magistrate Judge recommended that the judgment should be clarified to provide that interest subsequent to January 21, 2009, should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

Finally, as to Plaintiffs' original and supplemental requests for certain discovery under Fed. R. Civ. P. 69, the Magistrate Judge found those requests to be premature. Rule 69 discovery requests are only available after the defendant has failed to voluntarily comply with the judgment. The Magistrate Judge noted that at this point, there is no indication that the defendant will not voluntarily comply with the judgment. "As stated, [Defendant] has hardly had time to. The Plaintiff has raced to solidify his legal position relative to the judgment and in so doing, has in the undersigned's respectful estimation, complicated it before the Court." R&R p. 8. Therefore, the Magistrate Judge recommends denying Plaintiffs' request for discovery and supplemental proceedings. The Magistrate Judge also addressed Plaintiffs' request that their judgment be registered with the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1963. The Magistrate Judge recommends denying this request until there is at least some indication that the defendant refuses to comply with the judgment; however, at this time, without such indication, this request is premature.

4

**STANDARD OF REVIEW**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the Court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Any written objection must specifically identify the portion of the R & R to which the objection is made and the basis for the objection. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

**ANALYSIS**

On May 2, 2011, Plaintiffs filed their objections to the R&R.  However, Plaintiffs fail to specifically object to the R&R and fail to state a basis for their objection.  Rather, Plaintiffs merely state that they object to the R&R with respect to the applicable post judgment interest rate and with their motion to vest title pursuant to Rule 70(b) and "rely on and incorporate herein their arguments found at docket numbers 60, 64, and 65 as to these two issues."  Plaintiffs also ask that as to their discovery requests and request to register their judgment with the Western District of Texas, the Magistrate Judge retain jurisdiction to revisit these issues in the event that Defendant refuses to voluntarily pay Plaintiffs' judgment.

Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Plaintiffs' objections are without merit.  The Court denies

5

Plaintiffs' request to vest title pursuant to Rule 70(b) as there is no indication that Defendant is trying to thwart final judgment by refusing to comply with an order to perform specific acts.  The Court also finds that as the promissory note did not express in clear, unambiguous, and unequivocal language that a post judgment rate other than the rate provided for in 28 U.S.C. § 1961 should apply in this case, that the judgment should be clarified to provide that interest subsequent to January 21, 2009 should be paid in accordance with, and at the rate prescribed by 28 U.S.C. § 1961.  Finally, the Court finds that Plaintiffs' request for discovery and request to register its judgment with the Western District of Texas are premature as there has been no indication that Defendant refuses to comply with the judgment at this time.  Accordingly, the Court adopts the R&R in whole and incorporates it into this Order by specific reference, and the Court overrules Plaintiffs' objections.  The Court however finds that Magistrate Judge Hendricks retains jurisdiction to revisit the issues of discovery and registration in the event that Defendant refuses to voluntarily comply with the judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the R&R [Doc. 68] is adopted and incorporated into this Order; Plaintiffs' objections [Doc. 69] are overruled; and Plaintiffs' motions to update judgment and for supplemental proceedings, pursuant to Federal Rules of Civil Procedure 69 and 70 [Docs. 60, 65] be granted in part and denied in part.  Specifically, the judgment should be amended to provide that interest subsequent to January 21, 2009, should be paid in accordance with, and at the rate prescribed by 28 U.S.C. § 1961.  All other requests are

denied and the stock certificates should be released to Defendant.

**AND IT IS SO ORDERED**.

                                                                        _____
                                                                        PATRICK MICHAEL DUFFY
                                                                        United States District Judge

**Charleston, South Carolina**
**May 12, 2011**

7